IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KAREN L. ELLIS, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-209-HU |
| | ) | |
| v. | ) | OPINION AND |
| | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

DAVID B. LOWRY
9900 S.W. Greenburg Road, Suite 235
Portland, OR 97223

Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

DAVID MORADO
Regional Chief Counsel
DAVID M. BLUME
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

Attorneys for Defendant

HUBEL, Magistrate Judge:

Plaintiff Karen Ellis ("Ellis") seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

For the following reasons, the Commissioner's decision is AFFIRMED and the case is dismissed.

**PROCEDURAL BACKGROUND**

Born in 1957, Ellis completed the eleventh grade and has a general equivalency degree. Tr. 68, 139.[1] Between 1983 and September 2001 Ellis worked as an insurance agent. Tr. 134.

Ellis applied for DIB on September 9, 2003, alleging disability since August 30, 2002, due to fibromyalgia and "related . . . medical ailments." Tr. 68, 70, 133. The Commissioner denied Ellis' application initially and upon reconsideration. Tr. 23-27, 29-31. A hearing was held before an Administrative Law Judge ("ALJ") on February 9, 2006. Tr. 535-625. On July 21, 2006, the ALJ issued a decision finding Ellis not disabled. Tr. 13-20. The Appeals Council denied Ellis' request for reconsideration and the ALJ's decision became final on December 14, 2006. Tr. 4-6.

**MEDICAL BACKGROUND**

Ellis first sought treatment for lower abdominal pain in May 1995. Tr. 523. In

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #21).

September 1996 physicians diagnosed interstitial cystitis.[2] Tr. 517. In October 1997 physicians also noted "myalgias" (diffuse muscle pains). Tr. 499. In February 1999 physicians additionally diagnosed a nerve entrapment syndrome following a cesarean section performed seventeen years earlier. Tr. 478.

Ellis received a fibromyalgia diagnosis in January 2003, based upon her reported history and trigger-point tenderness. Tr. 463, 465. Physicians continued to treat Ellis' fibromyalgia and cystitis between January 2003 and January 2006, when the record closes. Tr. 294. Throughout the period under review physicians addressed Ellis' pain with escalating does of narcotic medications, noting an opiate dependency.

**DISABILITY ANALYSIS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or

[2]Interstitial cystitis is "an inflamation of the bladder, believed to be associated with an autoimmune or allergic response. The bladder will become inflamed, ulcerated and scarred, causing frequent painful urination." Kenneth N. Anderson et al. eds., *Mosby's Medical, Nursing, & Allied Health Dictionary* ( 5th ed. 1998).

equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). This evaluation includes assessment of the claimant's statements regarding her impairments. 20 C.F.R. § 404.1545(a)(3). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

Ellis challenges the ALJ's evaluation of Ellis' testimony, her RFC, and the ALJ's conclusion at step four that Ellis could perform her past relevant work.

**THE ALJ'S FINDINGS**

The ALJ found Ellis' opiate dependence, fibromyalgia, and interstitial cystitis "severe" impairments at step two in the sequential proceedings. Tr. 15. At step three, the ALJ found that Ellis' impairments did not medically meet or equal a listed impairment. Tr. 16. The ALJ assessed Ellis' RFC:

> [T]he claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; stand and walk 4 out of 8 hours; sit for at least 4 out of 8 hours; and she can do jobs that allow her to change positions frequently. Claimant can frequently perform gross and fine manipulations; can drive short distances. She should have easy access to restroom facilities.

Tr. 17. At step four, the ALJ found that this RFC allowed Ellis to perform her past relevant work as an insurance agent. Tr. 19. The ALJ therefore found Ellis not disabled. Tr. 20.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Ellis contends that the ALJ inappropriately evaluated her credibility, inappropriately evaluated her RFC, and consequently made an erroneous finding that she was not disabled at step four.

### I. Ellis' Credibility

Ellis alleges that the ALJ failed to state "clear and convincing" reasons for finding her not credible. Pl. Opening Br. 20. The ALJ found Ellis' "statements concerning the intensity, persistence, and limiting effects" of her symptoms "not entirely credible." Tr. 18. The ALJ cited Ellis' activities of daily living, including vacations to Arizona, housework, shopping, volunteer babysitting, and tax preparation. Tr. 17-18.

#### A. Credibility Analysis

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ’s credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant’s testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant’s treatment history, as well as the claimant’s daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant’s functional limitations. *Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

**B. Discussion**

Ellis specifically alleges that the ALJ erred in discrediting her testimony because her fibromyalgia and interstitial cystitis could "reasonably be expected" to produce her reported symptoms. Pl. Opening Br. 21. The ALJ agreed that Ellis' impairments could "reasonably be expected to produce some of the alleged symptoms," but found Ellis' statements concerning the "intensity, persistence, and limiting effects of these symptoms" not entirely credible. Tr. 18. Ellis' contention that the ALJ applied the wrong standard is not based upon the record. The ALJ found Ellis not credible based upon her activities of daily living, not her medical record. Tr. 17-18.

Ellis initially submits that the activities of daily living the ALJ identified "are not inconsistent with her claimed limitations." Pl. Opening Br. 22. The ALJ may reject a claimant's reported symptoms because they are inconsistent with her daily activities. *Smolen*, 80 F.3d at 1284. Here the ALJ cited her vacation, housework, shopping, babysitting, and tax preparation. Tr. 17-18. Ellis now contends that these activities "do not undermine her credibility," claiming that the ALJ is required to consider "specific circumstances" describing how a claimant performs her activities of daily living. Pl. Opening Br. 22 (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th

Cir. 1985)). Ellis' indicated citation states only that an ALJ, after finding a claimant credible, erroneously cited testimony that did not address the claimant's ability to walk and sit. *Stone*, 761 F.2d at 532. This authority does not suggest that an ALJ's credibility determination must inquire into the "specific circumstances" describing a claimant's execution of activities of daily living.

While a claimant need not "vegetate in a dark room," *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), the Ninth Circuit also holds that where "the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [the claimant]," if the ALJ's interpretation was rational "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (*citing Magallanes*, 881 F.2d at 750). For this reason, the ALJ's citation to Ellis' daily activities is affirmed.

In summary, Ellis fails to show error in the ALJ's citation to her daily activities in her credibility assessment and the ALJ's credibility finding is affirmed.

**II. RFC Assessment**

Ellis contends that the ALJ failed to make an appropriate RFC assessment. Ellis bases this submission upon SSR 96-8p, which directs the ALJ to consider whether a claimant can perform work activity on a "sustained basis." Pl. Opening Br. 17.

Ellis specifically contends that the ALJ failed to consider that a physician indicated she may require up to ten restroom breaks per day due to interstitial cystitis. Pl. Opening Br. 18. The ALJ's RFC specified "easy access to restroom facilities." Tr. 17. Thus, the ALJ's RFC encompasses the limitation Ellis challenges and is affirmed.

Ellis additionally submits that she may require up to fifteen restroom breaks during an

eight hour shift, and that her ability to sustain work is interrupted by her pain, fatigue, and medication side effects. Pl. Opening Br. 18-20. These submissions are based upon her testimony, which the ALJ adequately rejected for the reasons above. For this reason, these submissions are rejected.

Ellis fails to show that the ALJ's RFC assessment is not based upon substantial evidence and the appropriate legal standards. The ALJ's RFC assessment is affirmed.

**III. The ALJ's Step Four Findings**

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found Ellis could perform her past relevant work as an insurance agent at step four. Tr. 19. The ALJ's hypothetical questions to the VE included RFC limitations supported by the medical evidence, discussed above. Tr. 620-21. In making her findings based upon the VE's testimony, the ALJ did not include additional limitations suggested by Ellis' counsel. The VE stated that a hypothetical individual with Ellis' supported RFC could perform work as an insurance agent. *Id.*

Ellis argues that the ALJ's hypothetical questions to the VE failed to reflect all of her limitations, specifically her alleged limitations stemming from her "good" and "bad" days, impaired judgment, concentration, and sleep, and need to use a restroom fifteen times per day. Pl. Opening Br. 24. The ALJ is not required to include unsupported limitations in her hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons established above, Ellis fails to show substantive error in the ALJ's RFC assessment. The ALJ appropriately relied upon this RFC and the VE's testimony in her step four finding. *Id*. Ellis therefore fails to show error in the ALJ's questions to the VE. The ALJ's finding that Ellis could perform her past relevant is based upon an adequate RFC assessment and

supported by appropriate vocational testimony. This finding is affirmed.

**CONCLUSION**

In summary, this court finds the record supports the ALJ's finding that Ellis did not suffer from a disabling condition. The ALJ adequately considered the medical evidence and Ellis' testimony. Ellis additionally fails to show that the ALJ's step four finding, based upon substantiated vocational testimony, was erroneous. The ALJ appropriately found Ellis could perform her past relevant work as an insurance agent and therefore properly found her not disabled.

The Commissioner's decision that Ellis did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

DATED this 26th day of February, 2008.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge